**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000539
30-APR-2019
07:57 AM**

NO. CAAP-15-0000539

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

TH, Plaintiff-Appellee,
v.
JH, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-D NO. 13-1-6851)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Hiraoka, JJ.)

Defendant-Appellant JH, *pro se*, (**Father**) appeals from the "Decree Granting Absolute Divorce and Awarding Child Custody" entered on June 18, 2015 (**6/18/15 Divorce Decree**) by the Family Court of the First Circuit (**Family Court**).[1] Furthermore, we also have appellate jurisdiction regarding the "Amended Decree Granting Absolute Divorce and Awarding Child Custody" entered on July 23, 2015 (**7/23/15 Amended Divorce Decree**) by the Family Court pursuant to Hawaiʻi Family Court Rules (**HFCR**) Rule 59(e)[2]

---

[1]  The Honorable Gale L.F. Ching presided over these proceedings until December 19, 2014, at which point the Honorable Sherri-Ann L. Iha presided over the remainder of the proceedings.

[2]  HFCR Rule 59(e) provides in relevant part:

> Except as otherwise provided by HRS section 571-54 regarding motions for reconsideration in proceedings based upon HRS

(continued...)

and Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(3) ("The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order.").

On appeal, Father raises various non-custody issues, asserting the following points of error:

1. Judge Iha, in her order, stated that the [Father] relied to his detriment on the split payment agreement between the parties to fund continued private school education. It was also found that the plaintiff [TH (**Mother**)] was able to pay for private school expenses but chose not to. [Mother's] attorney, who was ordered by Judge Iha to draw up the final decree, willfully and wantonly omitted the section that pertained to private school payment reimbursement to [Father]. [Father] refused to sign the final decree with this omission.

2. On June 15, 2015, [Mother's] attorney filed a notice of submission with the flawed decree attached. The notice of submission, pursuant to Hawaiʻi Family Court Rule 58, should have given [Father] five (5) days after service to object to the proposed decree. The court mistakenly waived the [Father's] signature and signed the proposed decree on June 18, 2015. This record of events violated [Father's] due process rights.

3. On July 23, 2015, [Mother's] attorney submitted an amended decree giving [Mother] half credit for the 2013 Federal tax return.[3] This was not addressed anywhere in Judge Iha's orders, nor was [Father] given any opportunity to object as his signature was once again waived.

4. This court ordered [Mother] to pay [Father] $455 which represents half of [Mother's] 401K. [Mother's] proposed decree list [sic] the $455 as an offset to the debt owing, when in actuality it is called out as a 'cash' payment directly to [Father] and therefore should be due and owing [upon] execution of the final decree.

---

[2](...continued)
sections 571-11(1), (2), or (6), a motion to reconsider, alter or amend a judgment or order is not required but may be filed no later than 10 days after entry of the judgment or order and shall be a non-hearing motion, except that the court in its discretion may set any matter for hearing.

[3] Although Father's point of error refers to credit for the 2013 federal tax "return," it is apparent from his arguments that he is contesting the Family Court's award to Mother of half the 2013 federal tax <u>refund</u>.

5. The decree fails to list the total amount of child support arrearages that the court has ordered [Mother] to pay. The amount of child support that is in arrears as of June 22, 2015 is $5,618.50.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Father's points of error as follows.

**(1) and (2)** We read Father's points of error 1 and 2 as contending that his due process rights were violated because the Family Court waived his signature or input on the proposed Divorce Decree submitted to the court by Mother's counsel.

Hawai'i Family Court Rules (**HFCR**) Rule 58 provides, in relevant part:

**Rule 58. Preparation and signing of judgments and other orders.**
(a) *Preparation of judgments and other orders.* Within 10 days, or within such time directed by the court, after entry or announcement of the decision of the court, the party identified by the court shall prepare a judgment, decree, or order in accordance with the decision and attempt to secure thereon the approval of the opposing counsel or party (if pro se) as to form.
(b) *Party approval or objection to form; delivery to Court.* If there is no objection to the form of the proposed judgment, decree or order, the opposing counsel or party (if pro se) shall promptly approve as to form. If a proposed judgment, decree or order is not approved as to form by the parties within 5 days after a written request for approval, the drafting party shall file and serve the proposed order along with notice of service on all parties and serve a copy thereof upon each party who has appeared in the action. If any party objects to the form of a proposed judgment, decree or order, that party shall within 5 days after service of the proposed judgment, decree or order, file and serve upon each party who has appeared in the action and deliver to the court:
(1) a statement of objections and the reasons therefor; and
(2) the form of the objecting party's proposed judgment, decree or order.
In such event, the court may schedule a Rule 58 conference or shall proceed to settle the judgment, decree or order. Either party may request a Rule 58 conference. Failure to file and serve objections and a proposed judgment, decree, or order within the time frame required shall constitute approval as to form of the drafting party's proposed judgment, decree or order.

(Emphasis added).

3

HFCR Rule 5 provides, in relevant part:

**Rule 5.  Filing and service of pleadings and other papers on parties.**

. . . .

(b) *Service: How made.*  Whenever under these rules service is required or permitted to be made upon a party and that party is represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court.  Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the attorney's or party's last known address or, if no address is known, by any other method authorized by Rule 4(e) of these rules.  Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at the attorney's or party's office with a clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the party's office is closed or the party has no office, leaving it at the party's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.  Service by mail is complete upon mailing.

(Emphasis added).

Finally, HFCR Rule 6 provides, in relevant part:

**Rule 6.  Time.**
(a) *Computation.*  In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included unless it is a Saturday, a Sunday or a holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a holiday.  When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation.  As used in this rule, "holiday" includes any day designated as such pursuant to section 8-1 of the Hawai'i Revised Statutes.

. . . .

(e) Additional time after service by mail.  Whenever a party has the right to or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 2 days shall be added to the prescribed period.

(Emphasis added).

Here, on June 18, 2015, the Family Court received a letter from Mother's counsel stating that a draft of the proposed

Divorce Decree "was sent to [Father] via email and <u>U.S. mail</u> for his signature . . . on Thursday, <u>June 11, 2015</u>." (Emphasis added). In a June 23, 2015 letter to the Family Court, Father similarly states that the proposed Divorce Decree was sent to him on June 11, 2015.

Given these circumstances, Father's objections and counter proposed decree were due by June 22, 2015, which is calculated as five days after Mother's proposed Divorce Decree was <u>mailed</u> to Father on June 11, 2015, plus an additional two days.[4] <u>See</u> HFCR Rules 58(b), 5, and 6. Consequently, we agree with Father that the Family Court erred by entering the 6/18/15 Divorce Decree before Father's time to respond had expired. We thus vacate the 6/18/15 Divorce Decree with regard to the issues raised by Father's submission of his proposed version of the Divorce Decree on June 22, 2015 (**6/22/15 proposed decree**) and the specific objections set forth in "Defendant's Exhibit FD2 'Request to Nullify Plaintiff's Proposed Decree That Was Signed by This Court June 18, 2015, Based Upon Failure of Due Process and the Decree Does Not Accurately Reflect the Court's Rulings'" filed on June 23, 2015 (**6/23/15 objections**).[5]

**(3)** Father next contends that the Family Court erred in entering the 7/23/15 Amended Divorce Decree because it gave Mother a half credit for a 2013 federal tax refund, apparently in the amount of $3,042.93. Father asserts this issue was not addressed by other orders of the Family Court and the credit was entered without his signature.

Trial was held in the instant case on May 11, 2015. However, the trial transcript filed by Father in this appeal is

---

[4] The applicable rules do not address service by email. Thus, we apply HFCR Rule 6(e), which provides an additional two days for Father to respond given service on him <u>by mail</u>.

[5] Although Father's 6/23/15 objections were submitted one day after the deadline for him to respond, Father did timely submit his 6/22/15 proposed decree. For the sake of clarity on remand, Father's specific objections are set out in the 6/23/15 objections.

5

incomplete, and the portions available make no mention of the federal tax refund issue. It is the responsibility of each appellant "to provide a record, as defined in Rule 10 of [HRAP] and the Hawaiʻi Court Records Rules, that is sufficient to review the points asserted and to pursue appropriate proceedings in the court or agency appealed from to correct any omission." HRAP Rule 11(a); see also HRAP Rule 10(b)(1)(A) ("When an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from, the appellant shall file with the appellate clerk . . . a request . . . to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file in the appeal.").

Further, the record reflects that Mother's motion for reconsideration filed on June 29, 2015, sought to amend the 6/18/15 Divorce Decree to address the issue of the half credit for the 2013 federal tax refund. Father was served with the motion for reconsideration and did not oppose it.

Based on the foregoing, Father has not demonstrated error by the Family Court.

**(4)** and **(5)** Father's fourth and fifth points of error raise issues that were included in his 6/23/15 objections to the 6/18/15 Divorce Decree. Given our ruling above vacating the 6/18/15 Divorce Decree in part, we similarly vacate the 7/23/15 Amended Divorce Decree in part.

Therefore, the Family Court of the First Circuit's "Decree Granting Absolute Divorce and Awarding Child Custody" entered on June 18, 2015, and the "Amended Decree Granting Absolute Divorce and Awarding Child Custody" entered on July 23, 2015, are vacated with respect to the issues that Father raised in his 6/22/15 proposed decree and the 6/23/15 objections. Otherwise, the 6/18/15 Divorce Decree and the 7/23/15 Amended Divorce Decree are affirmed.

This case is remanded to the Family Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, April 30, 2019.

On the briefs:

JH,
Defendant-Appellant, pro se.

TH,
Plaintiff-Appellee, pro se.

Chief Judge

Associate Judge

Associate Judge

7